1  SUZANNE M. HANKINS (State Bar No. 157837)
2  JARLATH M. CURRAN, II (State Bar No. 239352)
   WILLIAM J. IDLEMAN (State Bar No. 258450)
3  SEVERSON & WERSON, A Professional Corporation
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone:  (949) 442-7110
5  Facsimile:  (949) 442-7118

6  MARK D. LONERGAN (State Bar No. 143622)
7  SEVERSON & WERSON, A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Telephone:  (415) 398-3344
9  Facsimile:  (415) 956-0439

10
   Attorneys for Defendants WELLS
11 FARGO BANK, N.A.; US BANK, N.A.
   as Trustee for Certificate Holders of Bear
12 Stearns Asset-backed Securities LLC,
   Asset-Backed Certificates, Series 2006-
13 AC1

14

15              UNITED STATES DISTRICT COURT

16             SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  JACQUELINE A. QUILALANG, | Case No. 3-13-cv-2641 JLS |
| 18           Plaintiff, | Hon. Janis L. Sammartino<br>Ctrm. 4A |
| 19      vs. | |
| 20  WELLS FARGO BANK, N.A. and | **NOTICE OF MOTION AND**<br>**MOTION TO DISMISS**<br>**PLAINTIFF'S COMPLAINT** |
| 21  U.S. BANK, NATIONAL | |
| 22  ASSOCIATION as trustee for<br>CERTIFICATEHOLDERS OF BEAR | [*Filed concurrently with Request for*<br>*Judicial Notice and (Proposed) Order*] |
| 23  STEARNS ASSET-BACKED | |
| 24  SECURITIES I LLC, ASSET-<br>BACKED CERTIFICATES, SERIES | Date:   February 27, 2014<br>Time:   1:30 p.m. |
| 25  2006-AC1, | Ctrm.:  4A |
| 26           Defendants. | Action Filed:  November 1, 2013 |

27

28

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................1

II.  STATEMENT OF FACTS ...................................................................1

III. PLAINTIFF'S COMPLAINT IS SUBJECT TO A MOTION TO
     DISMISS...........................................................................................2

IV.  THE ASSIGNMENT THEORY FAILS AND THERE IS NO BASIS
     TO CANCEL THE ASSIGNMENT ....................................................3

     A.   *Glaski* is a Minority Opinion That Should Not be Followed ................3

     B.   Plaintiff's Contentions Regarding Post-Closing Transfer of the
          Note Are Insufficient to Withstand a Motion to Dismiss .....................5

V.   PLAINTIFF MUST TENDER TO QUIET TITLE.................................6

VI.  THE SLANDER OF TITLE CLAIM FAILS .........................................7

VII. THE FRAUD CLAIM FAILS ..............................................................9

VIII. PLAINTIFF'S CLAIM FOR VIOLATIONS OF BUSINESS AND
     PROFESSIONS CODE §§ 17200 FAILS AS A MATTER OF LAW ............9

     A.   Plaintiff Lacks Standing ...............................................................10

     B.   There Is No Predicate Violation Of Law........................................10

     C.   There Is No Unfair Or Fraudulent Activity.....................................11

IX.  UNJUST ENRICHMENT IS NOT AN INDEPENDENT CAUSE OF
     ACTION ..........................................................................................11

X.   CONCLUSION.................................................................................12

# TABLE OF AUTHORITIES

<u>Page(s)</u>

**CASES**

*Aguilar v. Bocci,*
    39 Cal.App.3d 475 (1974) ....................................................................7

*Albertson v. Raboff,*
    46 Cal.2d 375 (1956) ..........................................................................8

*Alperin v. Vatican Bank,*
    410 F.3d 532 (9th Cir. 2005) ..............................................................2

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1988) ..............................................................2

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. (2007) .................................................................................2

*Bouyer v. IndyMac Federal Bank,*
    2009 WL 1765668 (N.D. Cal. 2009) ..................................................7

*Cairns v. Franklin Mint Co.,*
    24 F.Supp.2d 1013 (C.D. Cal. 1998) .................................................2

*Cel-Tech Communications, Inc. v. LA Cellular Tel. Co.,*
    20 Cal.4th 163 (1999) ............................................................ 9, 10, 11

*Chabner v. United of Omaha Life Ins. Co.,*
    225 F.3d 1042 (9th Cir. 2000) ......................................................... 10

*Chavez v. Recontrust Co.,*
    2008 WL 5210893 (E.D. Cal. 2008)...................................................7

*Debrunner v. Deutsche Bank National Trust Co.,*
    204 Cal.App.4th 433 (2012) ...............................................................4

*Deutsche Bank v. Adolfo,*
    2013 WL 4552407 (N.D. Ill. 2013) ................................................ 4, 5

*Diunugala v. JP Morgan Chase Bank,*
    2013 WL 5568737 (S.D. Cal. 2013).....................................................5

*Fontenot v. Wells Fargo Bank, N.A.*
  198 Cal.App.4th 256 (2011) ....................................................................3

*Glaski v. Bank of America,*
  160 Cal.Rptr.3d 449 (2013) ............................................................ 3, 4, 5

*Glenn K. Jackson Inc. v. Roe,*
  273 F.3d 1192 (9th Cir. 2001) ............................................................. 10

*Gomes v. Countrywide Home Loans,*
  192 Cal.App.4th 1149 (2011) ...............................................................3

*Herrera v. Federal National Mortgage Assn.,*
  205 Cal.App.4th 1495 (2012) ...............................................................4

*Hicks v. E.T. Legg & Assocs.,*
  89 Cal.App.4th 496 (2001) ...................................................................7

*Hine v. Huntington,*
  103 N.Y.S. 535 (1907).........................................................................5

*In re Glenfed, Inc. Sec. Litig.,*
  42 F.3d 1541 (9th Cir. 1994) (en banc) ...............................................9

*In re Macklin,*
  --- B.R. ---, 2013 WL 2329989 (Bankr. E.D. Cal. 2013) .....................6

*In re Verifone Secs. Litig.,*
  11 F.3d 865 (9th Cir. 1993) ..................................................................2

*Jacob B. v. County of Shasta,*
  40 Cal.4th 948 (2007) ..........................................................................8

*Jenkins v. JP Morgan Chase Bank, N.A.,*
  216 Cal.App.4th 497 (2013) ...........................................................4, 10

*King v. California,*
  784 F.2d 910 (9th Cir. 1986) ...............................................................2

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005) .............................................................3

*Krantz v. BT Visual Images, L.L.C.,*
  89 Cal.App.4th 164 (2001) ................................................................ 10

*Lavie v. Procter & Gamble Co.*,
  105 Cal.App.4th 496 (2003) ................................................................. 11

*Leasing Serv. Corp. v. Vita Italian Rest., Inc.*,
  566 N.Y.S. 2d. 796 (1991) ..................................................................... 5

*Lewis v. Booth*,
  3 Cal.2d 345 (1935) ............................................................................... 6

*Lyshorn v. J.P.Morgan Chase Bank*,
  2013 WL 792632 (N.D. Cal. 2013) ....................................................... 3

*Massachusetts Mutual Life Ins. Co. v. Superior Court*,
  97 Cal.App.4th 1282 (2002) ................................................................ 11

*McBride v. Boughton*,
  123 Cal.App.4th 379 (2004) ................................................................ 11

*McKell v. Washington Mutual, Inc. et al.*,
  142 Cal.App.4th 1457 (2006) .............................................................. 11

*Melchior v. New Line Prods., Inc.*,
  106 Cal.App.4th 779 (2003) ................................................................ 11

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ................................................................. 3

*Mix v. Sodd*,
  126 Cal.App.3d 386 (1981) ................................................................... 7

*Mooney v. Madden*,
  597 N.Y.S. 2d 775 (1993) ...................................................................... 5

*Morris v. BMW of N. Am., LLC*,
  2007 WL 3342612 (N.D. Cal. 2007) ..................................................... 9

*Newman v. The Bank of New York Mellon*,
  2013 WL 5603316 (E.D. Cal. 2013) ...................................................... 5

*Nool v. Homeq Servicing*,
  653 F. Supp. 2d 1047 (E.D. Cal. 2009) ................................................. 4

*Pugh v. JPMorgan Chase Bank, N.A.*,
  2013 WL 5739147 (E.D. Cal. 2013) ...................................................... 5

*Quintero Family Trust v. OneWest Bank, F.S.B.,*
  2010 WL 392312 (S.D. Cal. Jan. 27, 2010)..................................................6

*Reinagel v. Deutsche Bank National Trust Company,*
  722 F.3d. 700 (5th Cir. 2013) ........................................................................5

*Sandri v. Capital One, N.A. (In re Sandri,)*
  2013 WL 5925655 (Bankr. N.D. Cal. 2013) .................................................5

*Santens v. Los Angeles Fin. Co.,*
  91 Cal.App.2d 197 (1949) ..............................................................................6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
  806 F.2d 1393 (9th Cir. 1986) .......................................................................9

*Shimpones v. Stickney,*
  219 Cal. 637 (1934) .......................................................................................7

*Shkolnikov v. JPMorgan Chase Bank,*
  2012 WL 6553988 (N.D. Cal. 2012) .............................................................3

*Svoboda v. Bank of America,*
  2013 WL 4017904 (W.D. Tex. 2013)..........................................................4, 5

*Wells Fargo Bank, N.A. v. Erobobo,*
  39 Misc. 3d 1220(A) (N.Y. Sup. Ct. 2013) ...................................................4

*Western Mining Council v. Watt,*
  643 F.2d 618 (9th Cir. 1981) .........................................................................2

*Wilson v. Pac Coast Title Ins. Co.,*
  106 Cal.App.2d 599 (1951) ............................................................................6

**STATUTES**

Bus. & Prof. Code
  § 17200.............................................................................................................9

Cal. Civ. Code
  § 47 ..................................................................................................................8
  § 2924c(e)........................................................................................................7
  § 2924(d)..........................................................................................................8
  § 2924(d)(1)......................................................................................................8

Cal. Civil Code
   § 2924(d)(2) ............................................................................8
   § 2934(a) ..............................................................................3

OTHER AUTHORITIES

5 Miller & Starr, California Real Estate, Recording and Priorities (3rd ed.
   2000) § 11:39 .....................................................................8

Fed. R. Civ. P. 9(b) ...............................................................9

1    **PLEASE TAKE NOTICE** that on February 27, 2014, at 1:30 p.m., or as soon
2    thereafter as counsel may be heard before the Honorable Janis L. Sammartino in
3    Courtroom 4A of the above-entitled court at 221 West Broadway, San Diego,
4    California, WELLS FARGO BANK, N.A. and US BANK, N.A. as Trustee for
5    Certificate Holders of Bear Stearns Asset-backed Securities LLC, Asset-Backed
6    Certificates, Series 2006-AC1 (collectively, "Defendants") will, and hereby do, move
7    to dismiss Plaintiff's Complaint.

8        Defendants bring this motion pursuant to Fed. R. Civ. P. 12(b)(6) on the
9    ground that the Complaint fails to allege any claim on which relief may be granted.

10       The motion is based on this notice of motion and motion, the accompanying
11   memorandum of points and authorities, the accompanying request for judicial notice,
12   the complaint, the records on file in this action, and any further briefs, evidence,
13   authorities, or argument presented at or before the hearing of this motion.

14   DATED:  January 14, 2014          SEVERSON & WERSON
15                                     A Professional Corporation
16
17                               By:   _/s/William J. Idleman_
18                                     SUZANNE M. HANKINS
19                                     JARLATH M. CURRAN, II
                                       WILLIAM J. IDLEMAN
20                                     Attorneys for Defendants WELLS FARGO
21                                     BANK, N.A.; US BANK, N.A. as Trustee
                                       for Certificate Holders of Bear Stearns
22                                     Asset-backed Securities LLC, Asset-
23                                     Backed Certificates, Series 2006-AC1
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff's complaint serves no purpose except as an attempt to delay a foreclosure sale.  The entire complaint is based upon Plaintiff's contention that the Assignment of the Loan was not recorded before the closing date of the securitized trust.  Plaintiff moves on to assert that because the recording of the Assignment is "late," the Assignment is void, thereby creating a domino effect of void instruments in the chain of title.  This contention serves as the underpinning of each and every claim.

Even assuming the alleged facts are true for the purposes of this motion, Plaintiff does not allege a cognizable claim.  Plaintiff acknowledges that she entered into a mortgage loan with Novelle Financial Services, the loan servicing rights were later transferred to Wells Fargo, and the mortgage loan was sold to U.S. Bank, prior to the closing date of the securitized trust. (Compl., ¶¶5-7.)  Plaintiff simply takes issue with the recording date of the Assignment and argues that the Assignment should have been recorded when the Loan was transferred to the mortgage pool. There is no legal requirement to do so and because loans are often sold multiple times on the secondary market, the practical effect, is that an assignment will not be recorded until the borrower defaults.

For all of the reasons set forth herein, Defendants respectfully request the motion to dismiss is granted.

**II.     STATEMENT OF FACTS**

On October 27, 2005, Plaintiff borrowed $440,300.00 from Novelle Financial Services.  The loan was secured by a deed of trust recorded against the real property located at 1411 Enchante Way, Oceanside, California 92056 (the "Property"). (Deed of Trust, Request for Judicial Notice ("RJN"), Ex. A.)  The loan was assigned to U.S. Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-AC1 ("U.S. Bank").

1   (Assignment of Deed of Trust, RJN, Ex. B.)

2       Plaintiff defaulted on the loan.  Consequently, a notice of default  and notice

3   was recorded against the Property on July 9, 2012.  (Notice of Default, RJN, Ex. C.)

4   Simultaneous with the notice of default, a substitution of trustee was recorded,

5   naming Quality Loan Service Corporation as the trustee.  (Substitution of Trustee,

6   RJN, Ex. D.)

7       Plaintiff did not cure the default, and a notice of trustee's sale was recorded

8   on October 12, 2012.  (Notice of Trustee's Sale, RJN, Ex. E.)

9   **III.   PLAINTIFF'S COMPLAINT IS SUBJECT TO A MOTION TO DISMISS**

10

11      On a motion to dismiss, the court accepts as true the facts properly pled in the

12  complaint, but not conclusions of law, unreasonable inferences, or unwarranted

13  deductions of fact cast in the form of factual allegations. *See Alperin v. Vatican*

14  *Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *see In re Verifone Secs. Litig.*, 11 F.3d

15  865, 868 (9th Cir. 1993); *see Western Mining Council v. Watt*, 643 F.2d 618, 624

16  (9th Cir. 1981).  "[A] plaintiff's obligation to provide the 'grounds' of their

17  'entitlement to relief' requires more than labels and conclusions, and a formulaic

18  recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

19  *Twombly*, 127 S.Ct., 1955, 1964-65 (2007).  "[F]actual allegations must be enough

20  to raise a right to relief above the speculative level." *Id.* at 1965.

21      A motion to dismiss tests the legal sufficiency of the claims alleged in the

22  complaint. *See Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal.

23  1998).  A claim is properly dismissed for "lack of a cognizable legal theory,"

24  "absence of sufficient facts alleged under a cognizable legal theory," or seeking

25  remedies to which plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica*

26  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910,

27  913 (9th Cir. 1986).

28      Contents of documents on which plaintiff's claim depends, that are mentioned

in the complaint and whose authenticity no party questions, may also be considered even if the documents are not attached to the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## IV. THE ASSIGNMENT THEORY FAILS AND THERE IS NO BASIS TO CANCEL THE ASSIGNMENT

Plaintiff's claims for wrongful foreclosure, quiet title, slander of title, fraud, cancellation of instruments, and violation of Civil Code § 2934(a) are based upon the theory that the Assignment is void because it was recorded after the Loan was transferred to a securitized mortgage pool. (Compl., ¶¶35, 42, 54, 66, 69.) Each of Plaintiff's claims relies upon *Glaski v. Bank of America*, 160 Cal.Rptr.3d 449 (2013) ("*Glaski*"), in support of her contention that the Assignment is void, based on allegations that the Note or Loan was transferred into the trust pool after the trust pool's closing date. (Compl., p. 3:26-28 – 4:1-5; ¶13.) Plaintiff, however, fails to allege sufficient facts in support of her theory even in light of *Glaski*. Further, *Glaski*, an outlier among California decisions, should not be followed by this Court.

### A. *Glaski* is a Minority Opinion That Should Not be Followed

*Glaski* is the sole dissenting opinion amidst a multitude of California state and federal cases, which all hold that alleged impropriety in the securitization process does **not** state a claim for violation of California's foreclosure laws. (*See Lyshorn v. J.P.Morgan Chase Bank*, 2013 WL 792632 *4 (N.D. Cal. 2013); *Shkolnikov v. JPMorgan Chase Bank*, 2012 WL 6553988 *13 (N.D. Cal. 2012) ("plaintiffs lack standing to challenge noncompliance with a securitization unless they are parties to the PSA or third party beneficiaries of the PSA."); *see also Gomes v. Countrywide Home Loans*, 192 Cal.App.4th 1149 (2011) ; *Fontenot v. Wells Fargo Bank, N.A.* 198 Cal.App.4th 256, 272 (2011); *Herrera v. Federal National Mortgage Assn.*, 205

1 | Cal.App.4th 1495 (2012); *Debrunner v. Deutsche Bank National Trust Co.,* 204

2 | Cal.App.4th 433, 440-442 (2012); *Nool v. Homeq Servicing,* 653 F. Supp. 2d 1047

3 | (E.D. Cal. 2009).)  The recently decided case of *Jenkins v. JP Morgan Chase Bank,*

4 | *N.A.,* 216 Cal.App.4th 497 (2013) ("*Jenkins*") is instructive.  The *Jenkins* court in

5 | *Jenkins* expressly rejected the borrower's claim that the pooling of home loans in a

6 | securitized investment trust in contravention of the terms of a pooling and servicing

7 | agreement, to which she was not a party, extinguished the lender's security interest

8 | under the deed of trust.  Here, Plaintiffs' claim is substantively identical to the claim

9 | rejected by the court in *Jenkins*.

10 |       Confirming the outlier status of *Glaski*, even out-of-state courts are in accord

11 | with the majority opinion addressed in *Jenkins*.  (*See Deutsche Bank v. Adolfo,* 2013

12 | WL 4552407 *3 (N.D. Ill. 2013) ("We conclude that the transfer of the Note is

13 | voidable, at most, and therefore [the borrower] cannot rely on noncompliance with

14 | the PSA to defeat foreclosure"); *Svoboda v. Bank of America,* 2013 WL 4017904 *6

15 | (W.D. Tex. 2013) (mortgagor cannot use an alleged breach of the PSA as a basis to

16 | contest an otherwise valid mortgage assignment).)

17 |       Furthermore, *Glaski*'s analysis contains serious errors.  *Glaski* reached its

18 | holding by concluding that a late transfer of a note and deed of trust into a trust

19 | would be void rather than voidable.[1]  (*Glaski,* 218 Cal.App.4th at p. 1097.)

20 | However, the *Glaski* court arrived at the conclusion by relying on an ***unpublished***

21 | trial court opinion from ***New York***.  (*Ibid* (citing *Wells Fargo Bank, N.A. v.*

22 | *Erobobo,* 39 Misc. 3d 1220(A) (N.Y. Sup. Ct. 2013).)  Even worse, the trial court

23 | opinion on which the *Glaski* court relied was in total conflict with well-established

24 | New York appellate authority holding that an action in violation of a trust agreement

25 |

26 | _____

27 | [1]     Plaintiffs erroneously rely on *Glaski* to allege that the Assignment is void.<br>(FAC, ¶14.)

28 |

1   is voidable, not void.[2]   Because of these errors, *Glaski* has faced nothing but

2   criticism since it was decided.  (*See Sandri v. Capital One, N.A. (In re Sandri,)* 2013

3   WL 5925655 (Bankr. N.D. Cal. 2013) (*Glaski* is "inconsistent with the majority line

4   of cases and based on questionable analysis of New York law"); *Pugh v. JPMorgan*

5   *Chase Bank, N.A.*, 2013 WL 5739147, at *2 fn. 5 (E.D. Cal. 2013) ("*Glaski* is not

6   persuasive"); *Diunugala v. JP Morgan Chase Bank,* 2013 WL 5568737, at *8 (S.D.

7   Cal. 2013) ("This Court finds the reasoning in the above cited case law to be more

8   persuasive than that in *Glaski.*"); *Newman v. The Bank of New York Mellon,* 2013

9   WL 5603316, at *2 fn. 2 (E.D. Cal. 2013) ("[N]o courts have yet followed *Glaski*

10  and *Glaski* is in a clear minority on the issue.").

11      Had *Glaski* not made an error regarding the transfer being void, the outcome

12  would likely have been different.  *Glaski* itself concedes that when a transfer is

13  merely voidable (as opposed to void), the borrower cannot successfully challenge

14  the transfer.  (*Glaski*, 218 Cal.App.4th at p. 1094-1095.)  Accordingly, this Court

15  should reject the reasoning in *Glaski* and follow the majority view set forth in

16  *Jenkins* that Plaintiff lacks standing to claim that some vague alleged defect in the

17  securitization of her Note voids the recorded Assignment.

18      **B.    Plaintiff's Contentions Regarding Post-Closing Transfer of the
       Note Are Insufficient to Withstand a Motion to Dismiss**

19

20      Plaintiff's assertion that the Note or other documents were transferred after

21  the trust's closing date is based entirely on the contention that the Assignment was

22  recorded on June 25, 2010, after the alleged closing date of the trust on October 25,

23  2005.  (Compl., ¶17.)  However, the date the Assignment was ***recorded*** proves

24  [2]    *Mooney v. Madden*, 597 N.Y.S. 2d 775, 776 (1993); *Leasing Serv. Corp. v.*

25  *Vita Italian Rest., Inc.*, 566 N.Y.S. 2d. 796, 797 (1991); *Hine v. Huntington*, 103
    N.Y.S. 535, 540 (1907).  Accord: *Svoboda v. Bank of America, N.A.*, 2013 WL

26  4017904, at *6 (W.D. Tex. 2013); *Deutsche Bank National Trust Company v.*

27  *Adolfo,* 2013 WL 4552407, at *3 (N.D. Ill. 2013); *Reinagel v. Deutsche Bank*
    *National Trust Company*, 722 F.3d. 700, 705 (5th Cir. 2013).

28

1  nothing with regard to the transfer of the Note itself because:  (1) there is no

2  statutory requirement that an Assignment of Deed of Trust be recorded

3  simultaneously with transfer of the Note; and (2) there is no statutory requirement

4  that an assignment of the Note be recorded at all.  Indeed, an assignment of the

5  beneficial interest in a note and deed of trust is effective even if the assignment is

6  never recorded.  (*See Wilson v. Pac Coast Title Ins. Co.*, 106 Cal.App.2d 599, 602

7  (1951); *Santens v. Los Angeles Fin. Co.*, 91 Cal.App.2d 197, 201-202 (1949).)

8      As the U.S. Bankruptcy Court for the Eastern District of California has

9  observed:

10        [I]t is not unusual for there not to be an assignment of the
          deed of trust every time a promissory note is transferred
11        from buyer to subsequent buyer. Instead, only at the
          eleventh hour when the final buyer has to proceed with a
12        nonjudicial foreclosure sale is an assignment of the deed
          of trust recorded.

13

14  (*In re Macklin*, --- B.R. ---, 2013 WL 2329989 at *15 (Bankr. E.D. Cal.

15  2013).)  In other words, if the underlying loan were assigned, "the security

16  automatically followed the note, and [r]ecordation of the assignment was necessary

17  *only* to give constructive notice to third parties." (*Quintero Family Trust v.

18  OneWest Bank, F.S.B.*, 2010 WL 392312 at *7 n.6 (S.D. Cal. Jan. 27, 2010),

19  (emphasis added).)  In fact, an unrecorded assignment of a deed of trust may even

20  be effective if it is endorsed *in blank* and completed later as intended by the parties.

21  (*Lewis v. Booth*, 3 Cal.2d 345, 349 (1935).)

22      As demonstrated by the authority above, recordation of the Assignment was

23  not necessary to transfer the Note, and the date the Assignment was recorded does

24  not, in any way, indicate when the actual Note was transferred.  Accordingly,

25  Plaintiff's allegation that the Assignment was not recorded at the time of the transfer

26  is irrelevant.

27  **V.   PLAINTIFF MUST TENDER TO QUIET TITLE**

28      Plaintiff's second claim is to quiet title to the Property.  Plaintiff's quiet title

1   claim fails because, as shown above, there is no basis to quiet title to the property.

2   Furthermore, Plaintiff has not tendered the amounts owing on the loan.

3        To simply block the foreclosure, Plaintiff must tender the amount in default.

4   Under California law, the tender rule applies even where the challenged foreclosure

5   has not yet occurred.  Courts have consistently rejected attempts to enjoin pending

6   foreclosure sales where borrowers refuse to comply with the tender rule.  (*See*

7   *Bouyer v. IndyMac Federal Bank,* 2009 WL 1765668, *2 (N.D. Cal. 2009) (denying

8   request for injunctive relief to stop pending foreclosure where "Plaintiffs have

9   neither pled nor offered anything to suggest a tender to pay their debt"); *Chavez v.*

10  *Recontrust Co.,* 2008 WL 5210893, *6 (E.D. Cal. 2008) (denying request to enjoin

11  foreclosure sale because the "law is long-established that a trustor or his successor

12  must tender the obligation in full as a prerequisite to challenge the foreclosure

13  sale").)  Pre-sale the tender required is reinstatement including the amount in default

14  plus the trustee's costs and expenses no later than 5 business days prior to the sale.

15  (*See* Civ. Code § 2924c(e) and *Hicks v. E.T. Legg & Assocs.,* 89 Cal.App.4th 496,

16  504 (2001).)

17       However, in this case, Plaintiff is not only seeking to block the foreclosure,

18  but to quiet title in the Property free and clear of any liens at all.  Therefore, she is

19  required to tender the entire amount owed on the loan.  "It is settled in California

20  that a mortgagor cannot quiet his title against the mortgagee without paying the debt

21  secured."  (*Shimpones v. Stickney,* 219 Cal. 637, 649 (1934); see *Mix v. Sodd,* 126

22  Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action

23  to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci,* 39

24  Cal.App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his

25  debt").)  The reason for this is simple.  If Plaintiff was allowed to quiet title without

26  tendering, she would effectively receive a free house.  There is no basis to do so.

27  **VI.    THE SLANDER OF TITLE CLAIM FAILS**

28       Plaintiff's third claim for slander of title challenges the recording of the

1    assignments and substitution of trustee based on the same flawed argument that

2    securitization/assignment of the loan somehow was improper.  Essentially, Plaintiff

3    argues that Novelle never assigned the loan to U.S. Bank.  (Compl., ¶46.)  As a

4    result, it created a domino effect that invalidates the entire chain of title.  (Compl.,

5    ¶46.)  As discussed above, these claims are meritless.

6           "A slander of title is a false and malicious disparagement of a person's title to

7    real or personal property … that causes pecuniary damages to the owner of the

8    property."  (5 Miller & Starr, California Real Estate, Recording and Priorities (3rd

9    ed. 2000) § 11:39, p. 108.)  "Disparagement" has been defined as "the publication of

10   a false statement disparaging another's property rights in land.…"  (*Id.* at p. 109.)

11   The term "publication" requires "that there be a communication of the disparaging

12   matter to a third person other than the party whose interest is disparaged."  (*Id.* at

13   p. 113.)  However, "[t]here is no liability for a slander of title if the defendant was

14   privileged in making the disparaging statement."  (*Id.* at p. 115.)

15          Finally, the recordation of nonjudicial foreclosure documents is a privileged

16   act on which no tort claim of any sort, other than malicious prosecution, may be

17   based.  (Civ. Code § 2924(d)(1) provides that "[t]he mailing, publication, and

18   delivery of notices as required by this section" "constitute privileged

19   communications pursuant to Section 47.")  Reinforcing that conclusion, Civil Code

20   § 2924(d)(2) provides that "[p]erformance of the procedures set forth in this article"

21   also "constitute privileged communications pursuant to Section 47."  Civil Code

22   § 47's privilege "bars all tort causes of action except malicious prosecution."

23   (*Jacob B. v. County of Shasta,* 40 Cal.4th 948, 960 (2007).)  In particular, the

24   privilege bars a slander of title claim based on the recordation of the privileged

25   document.  (*Albertson v. Raboff,* 46 Cal.2d 375, 378-81 (1956).)  Under Civil Code

26   § 2924(d), the act on which the Plaintiff bases her slander of title claim is privileged

27   under section 47.  Plaintiff alleges no facts raising any inference of malice.

28   Accordingly, the slander of title cause of action states no cause of action.

## VII.   THE FRAUD CLAIM FAILS

Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud ...."  To meet this standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading."  *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (*citing In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

As discussed above, Plaintiff fails to allege any fraudulent conduct or statements made by any Defendant with respect to the Loan or the Assignment. Plaintiff's fraud claim is based upon the purported domino effect of the allegedly invalid assignment.  (Compl., ¶¶52-53.)  Notably, Plaintiff concedes that the debt is valid, the Loan was assigned to U.S. Bank, and Wells Fargo is the loan servicer. (Compl., ¶¶5-7.)  As discussed above, the domino theory fails and consequently, so does the fraud claim.

## VIII.   PLAINTIFF'S CLAIM FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§ 17200 FAILS AS A MATTER OF LAW

Plaintiff's seventh claim asserts violation of the unfair competition laws, Business & Professions Code section 17200 ("UCL").  (Compl., ¶¶71-72.)  The claim is based on multiple conclusory statements and is derivative of the allegation that the Assignment is void.  (*Id.*)  By its terms, a practice violates the UCL if it is unlawful, unfair, or fraudulent.  (*Cel-Tech Communications, Inc. v. LA Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).)  Here, Plaintiff's claim fails for several independent reasons.

**A.   Plaintiff Lacks Standing**

A plaintiff does not have standing to bring a UCL claim when she admits to being in default on the loan. (*Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 523 (2013).)  In *Jenkins*, the court held that any alleged wrongful conduct in the foreclosure process after the borrower's default did not cause the borrower's injury; rather, the injury was caused by the default itself. (*Id.*)  Because any misconduct that occurred after the default did not cause the injury, no causation was present and the plaintiff lacked standing to sue under the UCL. (*Id.*)  Since the plaintiff did not satisfy the standing requirements, the claim was properly dismissed without leave to amend. (*Id.*)

The facts of this case are on point with *Jenkins*.  Here, Plaintiff is in default an does not allege that any of the purported wrongful conduct caused her default. Accordingly, like in *Jenkins*, Plaintiff lacks standing to bring a UCL claim.

**B.   There Is No Predicate Violation Of Law**

Courts have made clear that the UCL cannot be used as an end-run around the requirements of other statutes. (*See Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1203 (9th Cir. 2001); *see also Krantz v. BT Visual Images, L.L.C.,* 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).)  "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." (*Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000).)  Likewise, as § 17200 requires an underlying violation of law, a defense to the predicate claim is a defense to the alleged violation of the UCL. (*Krantz,* 89 Cal.App.4th at 178.)

Here, Plaintiff has failed to allege a violation of any underlying law upon which a UCL claim may lie.  As discussed above, none of the claims in the complaint state facts to support a cognizable claim against Defendants, and Plaintiff cannot base their UCL claim on any of those claims.

1   **C.   There Is No Unfair Or Fraudulent Activity**

2        A business practice is considered "unfair" if it threatens to violate or violates

3   the policy or spirit of an anti-trust law or otherwise significantly threatens or harms

4   competition. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

5   *Co.,* 20 Cal.4th 163, 187 (1999).)  A business practice is considered "fraudulent"

6   within the meaning of § 17200 if the "public is likely to be deceived."

7   (*Massachusetts Mutual Life Ins. Co. v. Superior Court,* 97 Cal.App.4th 1282, 1290

8   (2002).)  "The determination as to whether a business practice is deceptive is based

9   on the likely effect such practice would have on a reasonable consumer."  (*McKell v.*

10  *Washington Mutual, Inc. et al.,* 142 Cal.App.4th 1457, 1472 (2006), citing *Lavie v.*

11  *Procter & Gamble Co.,* 105 Cal.App.4th 496, 507 (2003).)

12       Here, Plaintiff does not allege any unfair or fraudulent activity indicating

13  anticompetitive behavior or activities that might deceive the public.  Instead,

14  Plaintiffs bases the UCL claim on the allegation of purported irregularities with the

15  Assignment.  As discussed above, this theory fails.

16  **IX.   UNJUST ENRICHMENT IS NOT AN INDEPENDENT CAUSE OF**
        **ACTION**

17

18       "[T]here is no cause of action in California for unjust enrichment. 'The phrase

19  'unjust enrichment' does not describe a theory of recovery, but an effect:  the result

20  of a failure to make restitution under circumstances where it is equitable to do so.'

21  Unjust enrichment is 'a general principle, underlying various legal doctrines and

22  remedies,' rather than a remedy itself.  It is synonymous with restitution."

23  (*McBride v. Boughton,* 123 Cal.App.4th 379, 387 (2004); *Melchior v. New Line*

24  *Prods., Inc.,* 106 Cal.App.4th 779, 793 (2003).)  Because Plaintiff's other causes of

25  action utterly fail to state a claim against Defendants, her purported "unjust

26  enrichment" cause of action also fails to independently state a viable claim since it

27  cannot stand alone.

28

X.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant the motion to dismiss.

DATED:  January 14, 2014                SEVERSON & WERSON
                                        A Professional Corporation


                                  By:    */s/William J. Idleman*
                                        SUZANNE M. HANKINS
                                        JARLATH M. CURRAN, II
                                        WILLIAM J. IDLEMAN
                                        Attorneys for Defendants WELLS FARGO
                                        BANK, N.A.; US BANK, N.A. as Trustee
                                        for Certificate Holders of Bear Stearns
                                        Asset-backed Securities LLC, Asset-
                                        Backed Certificates, Series 2006-AC1

1

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On January 14, 2014, I served true copies of the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action as follows:

Charles T. Marshall, Esq.
LAW OFFICES OF CHARLES T. MARSHALL
415 Laurel Street #405
San Diego CA  92101

Attorneys for Plaintiff JACQUELINE A. QUILALANG

Telephone:  (619) 807-2628
Facsimile:   (866) 575-7413
E-Mail:
cmarshall@marshallestatelaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2014, at Irvine, California.

Victoria A. McCay